UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

IN RE:                                                )
                                                      )    Case No. 17-81749
I80 EQUIPMENT, LLC                                    )
                                                      )    Chapter 7
                                  Debtor(s)           )

MOTION TO APPROVE SETTLEMENT WITH NEW AGE UTILITY, LLC

NOW COMES Jeana K. Reinbold ("Trustee"), solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC ("Estate"), pursuant to Fed. R. Bankr. P. 9019, and hereby moves the Court for the entry of an order approving a compromise between the Trustee on behalf of the Estate and New Age Utility, LLC ("NAU"). In support of this motion, the Trustee states as follows:

Background

1. On December 6, 2017, the Debtor filed a voluntary petition for relief pursuant to chapter 7 of the United States Bankruptcy Code.

2. The Trustee is the duly appointed, qualified and serving chapter 7 trustee in the Debtor's case.

3. Parties that formerly worked for I80 Equipment, LLC ("I80") operated a company known as New Age Utility, LLC following the filing of the bankruptcy case.

4. The owner and CFO of NAU is Mitchell Melega ("Melega"). Other key employees of NAU are Sean Young ("Young") and Brandon Jones ("Brandon").

1

5. Melega, Young and Brandon were also key former employees of I80.[1] Melega was the former CFO of I80. Young and Brandon were both salespersons with I80 before its closure.

6. On or about December 15, 2017, NAU received $133,870 from Power Up Electrical Contractors, LLC ("Power Up") for the purchase of a bucket truck from NAU.

7. On or about December 19, 2017, NAU received $136,059.30 from Mid America Electric Inc. ("Mid America") for the purchase of a truck from NAU.

8. The transactions with Power Up and Mid America were transactions that I80 had entered into prior to the bankruptcy filing, which the Trustee alleged that NAU improperly asserted control over and tried to complete, after the Trustee learned about them.

9. The transaction with Power Up was voluntarily cancelled by the customer due to dissatisfaction with the timing of the delivery of the truck. NAU subsequently refunded the money to the customer.

10. The transaction with Mid America was voluntarily cancelled by NAU after receiving the Trustee's original motion for sanctions against NAU and individuals working with NAU (Court Doc. 46). NAU spent some of the money received from Mid America, but paid the remainder back to Mid America, with Melega, Young and Sean contributing the remaining difference personally out of pocket. Melega indicated that the Mid America truck would have cost $127,188.25 with an additional $3,000 for shipping.

---

[1] NAU was originally created and registered with the Illinois Secretary of State in September 2017, reflecting Erik Jones ("Jones") as manager of the LLC. It has been explained to the Trustee by NAU that this was an error on the part of the attorneys who drafted the incorporation documents, who assumed that Jones was creating another LLC. Despite this, curiously, following the bankruptcy filing, Jones signed documents to open a bank account for NAU and also signed a promissory note for $1.5mm for NAU, in each representing himself to be the President of NAU. It appears that with Jones there was some unstated assumption that Jones would be a guarantor for NAU and something would be worked out down the road for his financial assistance or whatever was agreed upon, but in the meantime, it appears that he was listed as the manager of NAU and also signed documents representing himself to be the President of NAU inappropriately or inaccurately.

11. The Trustee believes that the Estate was damaged by not receiving the opportunity to complete these transactions, and possibly others, and receive the profit from the transactions.

12. In the tumultuous weeks following I80's bankruptcy filing December 2017, Melega indicated that he didn't know the exact laws of the estate and bankruptcy, and without his clear direction, the persons working with him at NAU would not have known them either and he did not have clear control over all of their activities.

13. At the present, NAU is technically open due to a 5-year lease at the building it entered into, but Melega, Young and Brandon all work other full-time jobs. NAU does continue to try to conduct its business reselling or brokering other companies' equipment if it manages to get a lead via its website. It has some rented office furniture, and owns no trucks, equipment or tools of any kind. NAU is in debt and is trying to make enough to keep up with the rent obligation.

## Summary of Settlement

14. Subject to approval of the Court, the parties have reached the following compromise in this case:

    a. Payment of three thousand dollars ($3,000.00) by NAU to the Estate, at a rate of at least $300.00 per month, with the final payment to be made by not later than July 31, 2019;

    b. Upon approval of this compromise, the Trustee and NAU agree to execute mutual releases which shall release the Trustee and NAU from any and all claims as to each other. The Trustee and Melega, Young and Brandon, each individually, also agree to execute mutual releases as to claims to be specifically identified;

      c.      The Trustee has also agreed to provide a letter to Dur-A-Lift and Beacon Funding stating that both entities are free to do business with NAU; and

      d.      Melega, Young and Brandon have also offered to consult with the Trustee and provide assistance going forward with regard to any questions regarding the former business operations of I80.

<u>Reasonableness of Settlement</u>

15.      The Trustee believes that while further litigation with NAU for its post-petition activities may yield a larger judgment, that is not assured when considering the nature of the transactions and the difficulty of valuing the damages. It appears most of the transactions may have been executory contracts and it is unclear whether the Trustee would have been able to assume them and fulfill their terms. Further, even if the Trustee could establish damages for lost profits from such transactions, collectability from NAU is questionable given its limited assets and current finances. Continued litigation would be costly to the Estate with questionable ultimate financial recovery. On the other hand, in addition to an immediate settlement which would abate such costs, the Trustee also believes the benefit of receiving these individuals' cooperation with providing needed information and assistance in this case going forward will be of great benefit to the Estate.

16.      In the event the compromise is not approved for any reason, as the Trustee was granted until October 31, 2018 (Court Doc. 326) to file an adversary complaint regarding the post-petition activities of NAU, the Trustee requests an extension of 7 days after the entry of the order disapproving this compromise to file such a complaint.

17.     In light of the risk and cost to the Estate of further litigation, and the reasons discussed herein, the Trustee believes that the proposed compromise described herein is fair and reasonable and in the best interests of the estate.

WHEREFORE, the Trustee respectfully prays that the Court entering an order:

A. Approving the compromise described in this motion as in the best interests of the Estate;

B. Authorizing the Trustee to enter into the compromise described herein and execute mutual releases with New Age Utility, LLC, Mitchell Melega, Sean Young and Brandon Young individually as agreed between the parties;

C. Directing the parties to perform all acts necessary to conclude the compromise described within;

D. In the event the compromise described herein is not approved, granting the Trustee an extension of 7 days after the entry of an order disapproving this compromise to file an adversary complaint as contemplated in Court Doc. 326; and

E. Granting such other relief as it may deem just.

                                                  Respectfully submitted,

                                                  JEANA K. REINBOLD, SOLELY AS
                                                  CHAPTER 7 TRUSTEE OF THE ESTATE
                                                  OF I80 EQUIPMENT, LLC

Dated: October 31, 2018                      /s/ Jeana K. Reinbold
                                                  By: One of her attorneys
                                                  Jeana K. Reinbold
                                                  P.O. Box 7315
                                                  Springfield, IL 62791-7315
                                                  (217) 241-5629

CERTIFICATE OF SERVICE

      I do hereby certify that I have caused to be served a copy of the foregoing MOTION TO APPROVE SETTLEMENT WITH NEW AGE UTILITY, LLC, this day, as indicated below.

Dated: October 31, 2018                  /s/ Jeana K. Reinbold
                                                       Jeana K. Reinbold

By CM/ECF electronic filing:

Debra Babu on behalf of Creditor Altec Capital Services, LLC
ddevassy@askounisdarcy.com

Declan J. Binninger on behalf of Creditor Wilson Scott LLC dba Capital Asset Resources
dbinninger@freeborn.com

Mark A Bogdanowicz on behalf of Creditor Vibrant Credit Union
mbogdanowicz@howardandhoward.com, pkinsman@howardandhoward.com

Erica Joy Bury on behalf of Creditor BMB/SWC Ranches, Inc.
ebury@smsm.com

Erica Joy Bury on behalf of Interested Party BMB/SWC Ranches, Inc.
ebury@smsm.com

Andrew W Covey on behalf of Counter-Claimant Jeana K. Reinbold
acovey1@hotmail.com, acovey2@gmail.com

Andrew W Covey on behalf of Defendant Jeana K. Reinbold
acovey1@hotmail.com, acovey2@gmail.com

Andrew W Covey on behalf of Trustee Jeana K. Reinbold
acovey1@hotmail.com, acovey2@gmail.com

Shelly A. DeRousse on behalf of Creditor Wilson Scott LLC dba Capital Asset Resources
sderousse@freeborn.com, bkdocketing@freeborn.com

Dale G Haake on behalf of Interested Party New Age Utility, LLC
dhaake@katzlawfirm.com,
vkennedy@katzlawfirm.com;awierenga@katzlawfirm.com;hfielder@katzlawfirm.com

Dale G Haake on behalf of Interested Party Brandon Jones
dhaake@katzlawfirm.com,
vkennedy@katzlawfirm.com;awierenga@katzlawfirm.com;hfielder@katzlawfirm.com

Dale G Haake on behalf of Interested Party Mitch Melega

dhaake@katzlawfirm.com,
vkennedy@katzlawfirm.com;awierenga@katzlawfirm.com;hfielder@katzlawfirm.com

Dale G Haake on behalf of Interested Party Penny Schmidt
dhaake@katzlawfirm.com,
vkennedy@katzlawfirm.com;awierenga@katzlawfirm.com;hfielder@katzlawfirm.com

Dale G Haake on behalf of Interested Party Sean Young
dhaake@katzlawfirm.com,
vkennedy@katzlawfirm.com;awierenga@katzlawfirm.com;hfielder@katzlawfirm.com

Colt Wayne Johnson on behalf of Plaintiff Brocc Equipment, LLC
cjohnson@hrbklaw.com

Jeffrey E Krumpe on behalf of Creditor First Midwest Bank
jeffrey.krumpe@mhtlaw.com, jeffrey.krumpe@mhtlaw.com

Chad Jonathan Layton on behalf of Creditor BMB/SWC Ranches, Inc.
clayton@smsm.com, kagapayread@smsm.com

Steven L Nelson on behalf of Creditor First Midwest Bank
snelson@califf.com

Oracle America, Inc. on behalf of Creditor Oracle America, Inc.
schristianson@buchalter.com, cmcintire@buchalter.com

Candy K Pastrnak on behalf of Interested Party Walcott Trust & Savings Bank
ckpastrnak@pastrnak.com, smonson@pastrnak.com;lhuff@pastrnak.com

Ann Elizabeth Pille on behalf of Creditor Rosebud Mining Company
apille@reedsmith.com, bankruptcy-2628@ecf.pacerpro.com

Justin Raver on behalf of Debtor I80 Equipment, LLC
justin@barashlaw.com, janet@barashlaw.com;kelly@barashlaw.com

Justin Raver on behalf of Interested Party I80 Equipment, LLC
justin@barashlaw.com, janet@barashlaw.com;kelly@barashlaw.com

Justin Raver on behalf of Interested Party Justin Raver
justin@barashlaw.com, janet@barashlaw.com;kelly@barashlaw.com

Matthew J. Stockl on behalf of Counter-Defendant First Midwest Bank
mstockl@foley.com

Matthew J. Stockl on behalf of Creditor First Midwest Bank
mstockl@foley.com

Matthew J. Stockl on behalf of Plaintiff First Midwest Bank
mstockl@foley.com

James L Tappa on behalf of Creditor Selco, Inc.
stn@nbsmail.net

U.S. Trustee
USTPRegion10.PE.ECF@usdoj.gov

Joseph B VanFleet on behalf of Creditor Vibrant Credit Union
jvanfleet@howardandhoward.com, kpetri@howardandhoward.com

Ciara Vesey on behalf of Creditor Clear Fibre Technologies, Inc.
ciara@ciaravesey.com

Charles Randall Woolley on behalf of Creditor Altec Capital Services, LLC
rwoolley@askounisdarcy.com, vkumar@askounisdarcy.com

By First Class Mail:

Mitch Melega
64 Sunnyhill Dr,
Orion, IL 61273.

Sean Young
40 Crestwood Terrace
Davenport, IA 52803

Brandon Jones
901 8th Street
Colona, IL 61241