UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | BANKR. NO. 17-81749 |
| I80 EQUIPMENT, LLC | ) | |
| | ) | CHAPTER 7 |
| Debtor, | ) | |
| _____ | ) | |
| JEANA K. REINBOLD, SOLELY AS | ) | ADV. CASE NO. 19-8082 |
| CHAPTER 7 TRUSTEE OF THE ESTATE | ) | |
| OF I80 EQUIPMENT, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| VIBRANT CREDIT UNION | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| JEANA K. REINBOLD, SOLELY AS | ) | ADV. CASE NO. 19-8126 |
| CHAPTER 7 TRUSTEE OF THE ESTATE | ) | |
| OF I80 EQUIPMENT, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| FIRST MIDWEST BANK | ) | |
| | ) | |
| Defendant. | ) | |

MOTION TO APPROVE SETTLEMENT WITH FIRST MIDWEST BANK

NOW COMES Jeana K. Reinbold, solely as Chapter 7 Trustee ("Trustee") of the Estate ("Estate") of I80 Equipment, LLC ("Debtor"), pursuant to Fed. R. Bankr. P. 9019, and hereby moves the Court for the entry of an order approving a global settlement between the Trustee on behalf of the Estate and First Midwest Bank ("First Midwest"). In support of this motion, the Trustee states as follows:

1

Background

1.    On December 6, 2017, the Debtor filed a voluntary petition for relief pursuant to chapter 7 of the United States Bankruptcy Code.

2.    The Trustee is the duly appointed, qualified and serving chapter 7 trustee in the Debtor's case.

3.    On January 17, 2018, First Midwest commenced Adversary Case 18-8003 in this Court seeking a declaratory judgment that its security interest in certain collateral of the Debtor was properly perfected. The Trustee denied that First Midwest's interest was properly perfected and asserted a counterclaim to avoid First Midwest's lien. The Bankruptcy Court ruled for the Trustee but the Seventh Circuit (Docket 18-3291) reversed, resulting in a final judgment ("Final Judgment") which was not accepted for further review by the U.S. Supreme Court (Docket 19-870). The result of the Final Judgment was that First Midwest was determined to have a lien on the majority of $1,862,806 in proceeds from collateral previous sold by the Trustee at auction in May 2018 ("Auction Proceeds").

4.    On November 15, 2019, the Trustee commenced Adversary Case 19-8082 ("Vibrant Adversary") in this Court seeking the avoidance of security interests transferred to Vibrant Credit Union ("Vibrant") in the preference period and other relief, in which case First Midwest has filed a motion to intervene. In the motion to intervene, First Midwest seeks, among other relief, a determination that its lien is senior to any that Vibrant had, or, upon avoidance, the Trustee has, in the Auction Proceeds.

5.    On December 5, 2019, the Trustee commenced Adversary Case 19-8126 ("First Midwest Adversary") in this Court seeking the avoidance of certain preferential transfers to First Midwest and other relief.

6.      Following issuance of the Final Judgment, First Midwest moved for turnover of the remaining net balance of the Auction Proceeds. The Trustee filed a motion for interim distribution ("Interim Distribution") which was approved by the U.S. Trustee and included a request for approval of the Trustee's statutory commission, in addition to two previously-filed fee applications for fees of her counsel and co-counsel (collectively, "Fee Requests"). First Midwest objected to payment of the commission or attorneys' fees per the Fee Requests.

7.      The Trustee and First Midwest subsequently agreed to the entry of an order (Court Doc. 571) on the Interim Distribution, permitting distribution of $840,488.50 to First Midwest, reserving the amount of $209,886.60 on account of the Trustee's interest in the Auction Proceeds, and reserving the amount of $111,245.18 for the payment of the Fee Requests and any objections of First Midwest to the Fee Requests.

8.      The parties have since engaged in arms-length settlement negotiations to resolve their remaining disputes, and to avoid the further expense, delay, risk and uncertainty of litigation, have entered into the Settlement and Release Agreement attached to this motion as Exhibit A ("Agreement"), subject to approval by the Court.

Summary of Settlement

A summary of the terms of the Agreement between the Trustee and First Midwest (collectively, the "Parties") is as follows:

9.      For the purposes of the Agreement, the Parties agree that the $209,886.60 remaining on account of the Trustee's interest in the Auction Proceeds may be allocated as follows: 75% to First Midwest and 25% to the Trustee for the benefit of the Estate. The Parties agree that the Trustee shall make payment to First Midwest in the amount of $157,414.95

3

($209,886.60 x .75) in accordance with such agreed allocation and the Trustee may retain 25%, or the amount of $52,471.65.

10. First Midwest's objections to the Fee Requests shall be deemed withdrawn with prejudice.

11. First Midwest's motion to intervene in the Vibrant Adversary shall be deemed withdrawn with prejudice.

12. The Parties shall cause an agreed order to be entered in the First Midwest Adversary dismissing the action against First Midwest with prejudice.

13. The Parties release each other of all claims as set forth in the Agreement, with the exception of First Midwest's general unsecured claim for which First Midwest shall be permitted to participate as a general unsecured creditor at such time at which any distribution is approved for such claims, and the Trustee's reservation of rights should the Final Judgment be vacated and in pending adversary proceedings against defendants other than First Midwest.

14. Subject to its right to participate in any further distributions made to general unsecured creditors, First Midwest waives any further secured interest or lien on any funds held by the Trustee, including the 25% to be retained by the Trustee on account of the agreed upon allocation as to the Trustee's interest in the Auction Proceeds, the funds held by the Trustee in an escrow account pursuant to the stipulation filed in the bankruptcy case as Court Doc. 266 in the original amount of $25,000 plus accrued interest, and any other funds held by the Trustee.

15. The Parties will afford each other reasonable cooperation relating to the implementation of this Agreement.

<u>Reasonableness of Settlement</u>

16.     The Trustee litigated Adversary Case 18-8003 to the fullest on behalf of general unsecured creditors of the Estate, but First Midwest's lien was upheld by the Final Judgment. Thus, notwithstanding her view as to what should have been the correct outcome in that case, the issues raised by the Final Judgment are now final. Further, following and as another consequence of the Final Judgment, the research of the Trustee indicates that First Midwest may have the better of the arguments as to its pre-petition priority with respect to Vibrant, and if that indeed were determined by the Court to be the case, the Trustee would not recover anything on account of the Trustee's remaining interest in the Auction Proceeds, as such amounts would fully be awarded to First Midwest. In addition, the First Midwest Adversary would not be able to proceed. By settlement, the Trustee will recover $52,471.65 for the benefit of allowed administrative, priority and general unsecured claims of this Estate. In addition, the withdrawal of the objections to the Fee Requests and motion to intervene in the Vibrant Adversary with prejudice, and dismissal with prejudice of the First Midwest Adversary will save considerable cost, risk and delay to the Estate, as well as permit the Trustee to fully turn her attention to moving the administration of the Debtor's bankruptcy case forward, including other pending adversary cases, claim objections and needed items in the administration of the Estate. The Agreement will save the Estate the not insignificant cost of further litigation with First Midwest and also secure First Midwest's cooperation with the Estate, which will benefit this Estate.

17.     In light of the substantial cost, risk, and delay to the Estate of further litigation with First Midwest, and the reasons discussed herein, the Trustee believes that the proposed compromise described herein is fair and reasonable and in the best interests of the Estate.

5

WHEREFORE, the Trustee respectfully prays that the Court entering an order:

A.    Granting this Motion and approving the Agreement as in the best interests of the Estate;

B.    Authorizing the Trustee to further disburse the amount of $157,414.95 on account of the remaining Auction Proceeds to First Midwest;

C.    Authorizing the Trustee to retain $52,471.65 on account of the remaining Auction Proceeds, funds held in an escrow account pursuant to Court Doc. 266 and any other funds held by the Trustee free and clear of any further claimed liens of First Midwest;

D.    Deeming First Midwest's objections to the Fee Requests withdrawn with prejudice and allowing the Fee Requests;

E.    Deeming First Midwest's motion to intervene in the Vibrant Adversary withdrawn with prejudice;

F.    Directing the Parties to perform all acts necessary to conclude the compromise described within; and

G.    Granting such other relief as it may deem just.

Respectfully submitted,

JEANA K. REINBOLD, SOLELY AS CHAPTER 7 TRUSTEE OF THE ESTATE OF I80 EQUIPMENT, LLC

Dated: April 23, 2020

/s/ Jeana K. Reinbold
Jeana K. Reinbold
P.O. Box 7315
Springfield, IL 62791-7315
(217) 241-5629

6

CERTIFICATE OF SERVICE

      I do hereby certify that I have caused to be served a copy of the foregoing MOTION TO APPROVE SETTLEMENT WITH FIRST MIDWEST BANK, this day, as indicated below.

Dated: April 23, 2020                            /s/ Jeana K. Reinbold
                                                                           Jeana K. Reinbold

By CM/ECF:

Debra Babu on behalf of Creditor Altec Capital Services, LLC
ddevassy@askounisdarcy.com, sshropshire@askounisdarcy.com

Steven E Balk on behalf of Defendant James A. Goetsch d/b/a Quad City Seaplane Base
s.balk@silvislaw.com, G26120@notify.cincompass.com

Mark A Bogdanowicz on behalf of Creditor Vibrant Credit Union
mbogdanowicz@howardandhoward.com, pkinsman@howardandhoward.com

Mark A Bogdanowicz on behalf of Defendant Vibrant Credit Union
mbogdanowicz@howardandhoward.com, pkinsman@howardandhoward.com

Erica Joy Bury on behalf of Creditor BMB/SWC Ranches, Inc.
ebury@smsm.com

Erica Joy Bury on behalf of Interested Party BMB/SWC Ranches, Inc.
ebury@smsm.com

Mark Churchill on behalf of Defendant Western Structural Company
cclaw@churchillfirm.com, mchurchill@churchillfirm.com;dchurchill@churchillfirm.com

Andrew W Covey on behalf of Counter-Claimant Jeana K. Reinbold
acovey1@hotmail.com, acovey2@gmail.com

Andrew W Covey on behalf of Defendant Jeana K. Reinbold
acovey1@hotmail.com, acovey2@gmail.com

Andrew W Covey on behalf of Plaintiff Jeana K. Reinbold
acovey1@hotmail.com, acovey2@gmail.com

Andrew W Covey on behalf of Trustee Jeana K. Reinbold
acovey1@hotmail.com, acovey2@gmail.com

Alex Darcy on behalf of Defendant U.S. Bank National Association
adarcy@askounisdarcy.com

Charles Y Davis on behalf of Defendant ALTORFER INC.
cdavis@bhslaw.com, kmiller@bhslaw.com

Shelly A. DeRousse on behalf of Creditor Wilson Scott LLC dba Capital Asset Resources
sderousse@freeborn.com, bkdocketing@freeborn.com

Kenneth R Eathington on behalf of Defendant Pekin Insurance Company
keathington@qjhpc.com, ngoodwin@quinnjohnston.com

Jeffrey D Goetz on behalf of Interested Party Jeffrey D Goetz
goetz.jeffrey@bradshawlaw.com,
warner.barbara@bradshawlaw.com;Bankruptcyefile@bradshawlaw.com;rogers.bari@bradshawlaw.com

Dale G Haake on behalf of Defendant Courtesy Nissan, Inc. d/b/a Courtesy Car City
dhaake@katzlawfirm.com,
vkennedy@katzlawfirm.com;awierenga@katzlawfirm.com;haakedr85771@notify.bestcase.com

Dale G Haake on behalf of Defendant Hilltop Gunshop LLC
dhaake@katzlawfirm.com,
vkennedy@katzlawfirm.com;awierenga@katzlawfirm.com;haakedr85771@notify.bestcase.com

Dale G Haake on behalf of Interested Party New Age Utility, LLC
dhaake@katzlawfirm.com,
vkennedy@katzlawfirm.com;awierenga@katzlawfirm.com;haakedr85771@notify.bestcase.com

Dale G Haake on behalf of Interested Party Brandon Jones
dhaake@katzlawfirm.com,
vkennedy@katzlawfirm.com;awierenga@katzlawfirm.com;haakedr85771@notify.bestcase.com

Dale G Haake on behalf of Interested Party Mitch Melega
dhaake@katzlawfirm.com,
vkennedy@katzlawfirm.com;awierenga@katzlawfirm.com;haakedr85771@notify.bestcase.com

Dale G Haake on behalf of Interested Party Penny Schmidt
dhaake@katzlawfirm.com,
vkennedy@katzlawfirm.com;awierenga@katzlawfirm.com;haakedr85771@notify.bestcase.com

Dale G Haake on behalf of Interested Party Sean Young
dhaake@katzlawfirm.com,
vkennedy@katzlawfirm.com;awierenga@katzlawfirm.com;haakedr85771@notify.bestcase.com

Elizabeth L. Janczak on behalf of Defendant American Builders & Contractors Supply Co. Inc. d/b/a ABC Supply Co., Inc. d/b/a Norandex Building Materials Distribution
ejanczak@freeborn.com

Colt Wayne Johnson on behalf of Plaintiff Brocc Equipment, LLC
cjohnson@hrbklaw.com

Christopher W. Kanthak on behalf of Interested Party Erik R. Jones
Kanthaklaw@aol.com, ckanthak@aol.com

Jeffrey E Krumpe on behalf of Creditor First Midwest Bank
jeffrey.krumpe@mhtlaw.com, jeffrey.krumpe@mhtlaw.com

Clayton Garrett Kuhn on behalf of Defendant Sam's East, Inc. d/b/a Sam's Club, a Delaware corporation
ckuhn@sandbergphoenix.com, rhileman@sandbergphoenix.com

Clayton Garrett Kuhn on behalf of Defendant Sam's East, Inc. d/b/a Sam's Club, an Arkansas corporation
ckuhn@sandbergphoenix.com, rhileman@sandbergphoenix.com

Clayton Garrett Kuhn on behalf of Defendant Sam's West, Inc. d/b/a Sam's Club, a Delaware corporation
ckuhn@sandbergphoenix.com, rhileman@sandbergphoenix.com

Clayton Garrett Kuhn on behalf of Defendant Sam's West, Inc. d/b/a Sam's Club, an Arkansas corporation
ckuhn@sandbergphoenix.com, rhileman@sandbergphoenix.com

Clayton Garrett Kuhn on behalf of Defendant Walmart Inc. d/b/a Wal-Mart and Sam's Club, a Delaware corporation
ckuhn@sandbergphoenix.com, rhileman@sandbergphoenix.com

Chad Jonathan Layton on behalf of Creditor BMB/SWC Ranches, Inc.
, kagapayread@smsm.com

Brett R Marshall on behalf of Defendant Elliott Aviation of the Quad Cities, Inc.
bmarshall@l-wlaw.com, kmefferd@l-wlaw.com

Noah Menold on behalf of Creditor Vibrant Credit Union
nmenold@howardandhoward.com, furban@howardandhoward.com

Zachary Stephen Merkle on behalf of Defendant Sam's East, Inc. d/b/a Sam's Club, a Delaware corporation
zmerkle@sandbergphoenix.com

Zachary Stephen Merkle on behalf of Defendant Sam's East, Inc. d/b/a Sam's Club, an Arkansas corporation
zmerkle@sandbergphoenix.com

Zachary Stephen Merkle on behalf of Defendant Sam's West, Inc. d/b/a Sam's Club, a Delaware corporation
zmerkle@sandbergphoenix.com

Zachary Stephen Merkle on behalf of Defendant Sam's West, Inc. d/b/a Sam's Club, an Arkansas corporation
zmerkle@sandbergphoenix.com

Zachary Stephen Merkle on behalf of Defendant Walmart Inc. d/b/a Wal-Mart and Sam's Club, a Delaware corporation
zmerkle@sandbergphoenix.com

Dylan Miller on behalf of Creditor U.S. Bank National Association
dmiller@askounisdarcy.com

Dylan Miller on behalf of Defendant U.S. Bank National Association
dmiller@askounisdarcy.com

Robine Kirsty Morrison on behalf of Defendant Lowe's Companies, Inc.
rmorrison@winston.com, ECF_CH@winston.com;ECF_Houston@winston.com;robine-morrison-8364@ecf.pacerpro.com

Steven L Nelson on behalf of Creditor First Midwest Bank
snelson@califf.com

Steven L Nelson on behalf of Defendant Metropolitan Airport Authority of Rock Island County, Illinois
snelson@califf.com

Oracle America, Inc. on behalf of Creditor Oracle America, Inc.
schristianson@buchalter.com, cmcintire@buchalter.com

Candy K Pastrnak on behalf of Interested Party Walcott Trust & Savings Bank
ckpastrnak@pastrnak.com, lhuff@pastrnak.com

Sabrina M Petesch on behalf of U.S. Trustee U.S. Trustee
sabrina.m.petesch@usdoj.gov

Ann Elizabeth Pille on behalf of Creditor Rosebud Mining Company
apille@reedsmith.com, bankruptcy-2628@ecf.pacerpro.com

Justin Raver on behalf of Debtor I80 Equipment, LLC
justin@barashlaw.com, janet@barashlaw.com;kelly@barashlaw.com

Justin Raver on behalf of Interested Party I80 Equipment, LLC
justin@barashlaw.com, janet@barashlaw.com;kelly@barashlaw.com

Justin Raver on behalf of Interested Party Justin Raver
justin@barashlaw.com, janet@barashlaw.com;kelly@barashlaw.com

Gail Lynne Reich on behalf of Defendant County Treasurer of Henry County, Illinois
greich@okgc.com, docket@okgc.com

Gail Lynne Reich on behalf of Defendant Henry County, Illinois
greich@okgc.com, docket@okgc.com

Joshua Rosenzweig on behalf of Defendant Menard, Inc.
jrosenzweig@ottosenlaw.com, amangialardi@ottosenlaw.com

Devvrat Sinha on behalf of Defendant The Home Depot, Inc.
dev@weissberglaw.com

James B. Sowka on behalf of Defendant The Home Depot, Inc.
jsowka@seyfarth.com

Charles S. Stahl, Jr. on behalf of Defendant General Parts, Inc. d/b/a Carquest Auto Parts
cstahl@smbtrials.com

Charles S. Stahl, Jr. on behalf of Defendant Terex Utilities, Inc. d/b/a Terex Services
cstahl@smbtrials.com

Matthew J. Stockl on behalf of Counter-Defendant First Midwest Bank
mstockl@foley.com

Matthew J. Stockl on behalf of Creditor First Midwest Bank
mstockl@foley.com

Matthew J. Stockl on behalf of Defendant First Midwest Bank
mstockl@foley.com

Matthew J. Stockl on behalf of Plaintiff First Midwest Bank
mstockl@foley.com

Kathy Swett on behalf of Defendant County Collector of Rock Island County, Illinois
swettk@co.rock-island.il.us, ziegenhornl@co.rock-island.il.us

Kathy Swett on behalf of Defendant County Treasurer of Rock Island County, Illinois
swettk@co.rock-island.il.us, ziegenhornl@co.rock-island.il.us

Kathy Swett on behalf of Defendant Rock Island County, Illinois
swettk@co.rock-island.il.us, ziegenhornl@co.rock-island.il.us

James L Tappa on behalf of Creditor Selco, Inc.
stn@nbsmail.net

Daniel Tranen on behalf of Defendant The Hartford Financial Services Group, Inc.
daniel.tranen@wilsonelser.com

U.S. Trustee
USTPRegion10.PE.ECF@usdoj.gov

John VanDeVelde on behalf of Defendant J.P. Rentals, LLC
jvandevelde@thelawcentre.com

John VanDeVelde on behalf of Defendant Jones Holdings, LLC
jvandevelde@thelawcentre.com

Joseph B VanFleet on behalf of Creditor Vibrant Credit Union
jvanfleet@howardandhoward.com, ssalvati@howardandhoward.com

Joseph B VanFleet on behalf of Defendant Vibrant Credit Union
jvanfleet@howardandhoward.com, ssalvati@howardandhoward.com

John Vandevelde on behalf of Defendant Montgomery Carpets, Inc. d/b/a Wayne Montgomery Cash & Carry Carpets
bbankruptcy@gmail.com, bvcourtemail@gmail.com;vandeveldejr50676@notify.bestcase.com

John Vandevelde on behalf of Defendant Pyramid Systems, L.L.C.
bbankruptcy@gmail.com, bvcourtemail@gmail.com;vandeveldejr50676@notify.bestcase.com

John Vandevelde on behalf of Defendant Erik R. Jones
bbankruptcy@gmail.com, bvcourtemail@gmail.com;vandeveldejr50676@notify.bestcase.com

Ciara Vesey on behalf of Creditor Clear Fibre Technologies, Inc.
ciara@ciaravesey.com

Mark D. Walz on behalf of Creditor Midamerican Energy Company
markwalz@davisbrownlaw.com

Mark D. Walz on behalf of Defendant Midamerican Energy Company
markwalz@davisbrownlaw.com

Charles Randall Woolley on behalf of Creditor Altec Capital Services, LLC
rwoolley@askounisdarcy.com, hperez@askounisdarcy.com